| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave., Suite 406<br>Westmont, NJ 08018<br>(215) 627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for U.S. Bank National Association for the Holders of the Terwin Mortgage Trust 2005-11, Asset-Backed Securities, Series 2005-11 | Order Filed on October 26, 2016<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Wandeir T. Moraes,<br><br>Debtor. | Case No.:  16-16904-VFP<br>Adv. No.:<br>Hearing Date:  October 6, 2016<br>Judge:  Vincent F. Papalia |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: October 26, 2016**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page 2
Debtor:     Wandeir T. Moraes
Case No.:   16-16904-VFP
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, U.S. Bank National Association for the Holders of the Terwin Mortgage Trust 2005-11, Asset-Backed Securities, Series 2005-11, the holder of a second mortgage on property known as 96 Saint Francis Street, Newark, NJ 07105, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for the Secured Creditor and Scott Sherman, attorney for Debtor, and for good cause having been shown, it is hereby **ORDERED, ADJUDGED and DECREED:**

- U.S. Bank National Association for the Holders of the Terwin Mortgage Trust 2005-11, Asset-Backed Securities, Series 2005-11's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtor's Chapter 13 Plan.

- The avoidance of U.S. Bank National Association for the Holders of the Terwin Mortgage Trust 2005-11, Asset-Backed Securities, Series 2005-11's second lien is contingent upon the Debtor's completion of the Chapter 13 plan and the Debtor's receipt of a Chapter 13 discharge.

- U.S. Bank National Association for the Holders of the Terwin Mortgage Trust 2005-11, Asset-Backed Securities, Series 2005-11 shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

- Each party shall bear their own attorney's fees and costs incurred in the present case number.

- In the event that the property is destroyed or damaged, pursuant to the mortgage, U.S. Bank National Association for the Holders of the Terwin Mortgage Trust 2005-11, Asset-Backed Securities, Series 2005-11is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

Case 16-16904-VFP    Doc 49    Filed 10/26/16    Entered 10/26/16 17:23:59    Desc Main
Document    Page 3 of 3

Page 3
Debtor:        Wandeir T. Moraes
Case No.:      16-16904-VFP
Caption:       **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

- In the event that any entity, including the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's lien prior to the Debtor's completion of the Chapter 13 plan, U.S. Bank National Association for the Holders of the Terwin Mortgage Trust 2005-11, Asset-Backed Securities, Series 2005-11's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

- U.S. Bank National Association for the Holders of the Terwin Mortgage Trust 2005-11, Asset-Backed Securities, Series 2005-11 shall retain its lien for the full amount due under the subject loan should the subject property be sold, or should a refinance take place prior to the Chapter 13 plan completion and entry of a Discharge.